UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

DIRECTV, Inc., a California Corporation,

               Plaintiff,

                                  **OPINION & ORDER**
      -against-                        **CV-03-5101 (SJF)(ARL)**

MAX KUSNER,

               Defendant.
_____X
FEUERSTEIN, J.

On May 27, 2003, plaintiff DirecTV, Inc. (plaintiff) commenced an action against, *inter alia*, defendant Max Kusner (defendant), alleging violations of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605, and the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and seeking compensatory and statutory damages, and injunctive relief. That action was assigned docket number 03-CV-2687 (the original action). By order dated September 30, 2003, Honorable Joanna Seybert[1], *inter alia*, severed the claims against each of the named defendants, ordered the clerk of the Court to open a new case for each of the named defendants, and assigned separate docket numbers to each newly opened case. DirecTV, Inc. v. Aweeky, No. 03-5101 (E.D.N.Y. Sept. 30, 2003). Judge Seybert also ordered that each of the individual actions shall be deemed commenced as of the date of filing of the original complaint. Id. This action is one of the resulting individual actions.

In addition, Judge Seybert directed plaintiff to file amended complaints, including the separate case names and docket numbers, to serve the amended complaints on each of the

_____

[1] This action was randomly reassigned from Judge Seybert to me on November 5, 2003.

1

individual defendants, and to pay separate filing fees for each action. Id. Plaintiff filed an

amended summons and amended complaint against defendant in accordance with that order on

November 20, 2003. On March 3, 2004, plaintiff filed an affidavit of service indicating that

defendant was served by affixing copies of the amended summons and complaint to the door of

defendant's dwelling house on February 5, 2004, and by mailing copies of the amended

summons and complaint to that same address on February 6, 2004. The affidavit of service

further indicates that three separate attempts were made to personally serve defendant at his

dwelling house prior to the effectuated service.

Defendant denies that he was served with the amended summons and complaint and now

moves for dismissal of the action.


DISCUSSION

Defendant contends that dismissal is warranted because he was not served with the

amended complaint within 120 days of its filing, as required by Rule 4(m) of the Federal Rules of

Civil Procedure (Rule 4[m]).

Plaintiff contends that service of the amended summons and complaint was completed

within the 120 period prescribed by Rule 4(m).

Rule 4(m) provides, in relevant part, as follows:

> If service of the summons and complaint is not made upon a defendant within 120
> days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, shall dismiss the action without prejudice as
> to that defendant or direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the court shall
> extend the time for service for an appropriate period. * * *

In New York, the affidavit of a process server establishes a prima facie case of proper service and, absent any facts to the contrary, raises a presumption that the defendant was properly served with the complaint. See, Old Republic Ins. Co. v. Pacific Financial Services of America, Inc., 301 F.3d 54, 57 (2d Cir. 2002). Although a defendant's "sworn denial of receipt of service * * * rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing, * * * no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process server's affidavits.'" Id. at 57-58 (quoting Simonds v. Grobman, 277 A.D.2d 369, 716 N.Y.S.2d 692 [2d Dept. 2000]).

No traverse hearing is required because defendant fails to support his conclusory assertion that service of the amended summons and complaint had not been effected as of March 29, 2004, the date of his sworn affidavit, and nothing in his affidavit refutes the specific facts of service established by the process server's affidavit of service. See, e.g. Garcia v. Maersk, Inc., No. 03-CV-5697, 2005 WL 1492380, at * 3 (E.D.N.Y. Jun. 24, 2005)(finding that no hearing was required where defendant failed to rebut the presumption of valid service created by the affidavit of service). Since defendant fails to rebut the presumption of valid service established by the process server's affidavit of service, his motion to dismiss is denied.


CONCLUSION

Defendant's motion to dismiss is denied. The parties are directed to appear in my courtroom at 1010 Federal Plaza, Central Islip, New York on September 28, 2005, at 10:00 a.m. for a settlement and/or scheduling conference with authority or persons with authority to resolve

this action. Further, the parties are directed to engage in good faith settlement negotiations prior
to the conference.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 28, 2005
Central Islip, New York

Copies to:

Garvey, Schubert & Barer
599 Broadway, 8th Floor
New York, New York 10012-3235

Max Kusner, *pro se*
11 Purdue Street
Staten Island, New York 10314